NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EUGENE MARTIN LaVERGNE,<br><br>  Plaintiff,<br><br>  v.<br><br>JOHN BRYSON et al.,<br><br>  Defendants. | Civil Action No.:<br>11-7117 (PGS)<br><br>**MEMORANDUM & ORDER** |

This matter comes before the Court on the application of plaintiff Eugene Martin LaVergne, pro se ("Plaintiff")[1] for an order to show cause and for the underlying matter to be heard and determined by a three-judge panel. Plaintiff's underlying Complaint states a claim for vote dilution, alleging that (1) the current system of apportioning Representatives for the United States House of Representatives is unconstitutional, and (2) the current system of appointing Electors to the Electoral College is unconstitutional. Plaintiff applies for an order to show cause pursuant to Local Civil Rule 65.1, seeking preliminary injunctions, writs of mandamus, and declaratory judgments. Additionally, Plaintiff requests a three-judge panel pursuant to 28 U.S.C. § 2284(a), which requires the convention of a three-judge panel to hear certain actions challenging the apportionment of congressional districts.

Local Civil Rule 65.1 states in pertinent part that "[n]o order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified

---

[1] At the present time, Plaintiff is an attorney whose admission has been suspended.

pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary." Plaintiff has made no such showing. Neither Plaintiff's verified complaint nor Plaintiff's application for an order to show cause addresses the issue of why this matter needs to be resolved on an expedited basis. Rather, the facts as stated in the Complaint suggest entirely the opposite: Plaintiff's core contentions involve the constitutionality of an eighty-two year old federal statute and the potential enactment of an amendment to the U.S. Constitution two hundred and nineteen years ago. As these issues have waited a combined thirty decades to reach their ultimate resolution, there seems to be no reason now why they cannot wait until the end of the standard motion cycle.

Separately, the Court denies Plaintiff's request for the convention of a three-judge panel. Section 2284 of Title 28 of the U.S. Code states "[a] district court of three judges shall be convened . . . when an action is filed challenging the constitutionality of the apportionment of congressional districts . . . ." 28 U.S.C. § 2284(a). However, application of this provision is not mechanical. The procedure for convening a three-judge court requires the judge to whom the request is presented to notify the chief judge of the circuit upon the filing of a request for three judges, "unless he determines that three judges are not required." 28 U.S.C. § 2284(b)(1). Essentially, the statute requires that the judge to whom the request is presented to screen the complaint to determine whether a three-judge panel is required. *See Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. 713, 715 (1962), *superseded by statute on other grounds*, Act. of Aug. 12, 1976, Pub. L. No. 94-381, 90 Stat. 1119, *as recognized by Morrill v. Weaver*, 224 F. Supp. 2d 882, 887 (E.D. Pa. 2002); *N.J. Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, No. 09-683 (KSH), 2009 WL 799210, at *2 (D.N.J. Mar. 24, 2009). As the Fifth Circuit explained, "[a]

three-judge court is not required if the claim is wholly insubstantial or completely without merit." *United States v. Saint Landry Parish Sch. Bd.*, 601 F.2d 859, 863 (5th Cir. 1979).

Here, the convention of a three-judge panel is not required for several reasons. First, recent case law suggests otherwise. *See Clemons v. U.S. Dep't of Commerce,* 710 F. Supp. 2d 570, *vacated and remanded by* 131 S. Ct. 821 (2010). Second, Plaintiff's standing is questionable when his interest is considered in relation to individuals such as New Jersey Governor Chris Christie, who implemented the redistricting; Congresspersons whose seats were abolished; and presidential candidates who may fear an election result like that of Vice President Gore, who had won the popular vote but lost in the electoral college vote to George Bush. Third, the ability of a pro se Plaintiff who is suspended from the practice of law to professionally and adequately present such a case which effects every state is tenuous.[2] Finally, the long standing principles establishing representation in our republican form of government have been thoroughly evaluated since the Constitutional Convention.

## ORDER

The Court has considered the papers submitted in support of Plaintiff's application and request. Pursuant to Federal Rule of Civil Procedure 78, no oral argument was heard. For the reasons stated below,

IT IS on this 16th day of December, 2011, hereby

ORDERED that Plaintiff's application for an order to show cause is DENIED; and

---

[2] I recall that when I was practicing, Mr. LaVergne was always a very competent and professional adversary; however, this case is of a different ilk.

ORDERED that Plaintiff's request that the Court convene a three-judge panel pursuant to 28 U.S.C. § 2284 is DENIED; and it is further

ORDERED that Plaintiff's Complaint is DISMISSED the case is CLOSED.

_____
PETER G. SHERIDAN, U.S.D.J.

December 16, 2011