# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

_____

## No. 12-1171

_____

## EUGENE MARTIN LAVERGNE,
### Appellant

### v.

JOHN BRYSON, in his official capacity as the Secretary
of the United States Department of Commerce;
JOHN GROVER, in his official capacity as the Director
of the United States Census Bureau;
KAREN L. HAAS, in her official capacity as the Clerk
of the United States House of Representatives;
JOHN BOEHNER, in his official capacity as the Speaker
of the United States House of Representatives;
DANIEL INOUYE, in his official capacity as the President Pro Tempore
of the United States Senate;
JOSEPH BIDEN; in his official capacity as the President of the Senate;
DAVID FERRIERO, in his official capacity as the Archivist of the United States
of America

_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 3-11-cv-07117)
District Judge: The Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 14, 2012

Before: SMITH and CHAGARES, Circuit Judges, and
ROSENTHAL, District Judge[*]

_____

[*] The Honorable Lee H. Rosenthal, U.S. District Judge for the Southern District of Texas, sitting by designation.

_____

JUDGMENT

_____

This cause came to be considered from the United States District Court for

the District of New Jersey and submitted pursuant to Third Circuit L.A.R. 34.1(a)

on September 14, 2012.  On consideration whereof, it is hereby

ADJUDGED and ORDERED by this Court that the order of the District

Court dated December 16, 2011 is hereby AFFIRMED in all respects.  All of the

above in accordance with the opinion of this Court.  Costs taxed against Appellant.


ATTEST:

/s/Marcia M. Waldron,
Clerk

Dated: September 20, 2012

Certified as a true copy and issued in lieu
of a formal mandate on _____November 13, 2012_____

Teste: *Marcia M. Waldron*

**Clerk, U.S. Court of Appeals for the Third Circuit**

2

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-1171

_____

EUGENE MARTIN LAVERGNE,

Appellant

v.

JOHN BRYSON, in his official capacity as the Secretary
of the United States Department of Commerce;
JOHN GROVER, in his official capacity as the Director
of the United States Census Bureau;
KAREN L. HAAS, in her official capacity as the Clerk
of the United States House of Representatives;
JOHN BOEHNER, in his official capacity as the Speaker
of the United States House of Representatives;
DANIEL INOUYE, in his official capacity as the President Pro Tempore
of the United States Senate;
JOSEPH BIDEN; in his official capacity as the President of the Senate;
DAVID FERRIERO, in his official capacity as the Archivist of the United States
of America

_____

On Appeal from the United States District Court
for the District of  New Jersey
(No. 3-11-cv-07117)
District Judge: The Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 14, 2012

Before: SMITH and CHAGARES, <u>Circuit</u> <u>Judges</u>,
and ROSENTHAL, <u>District</u> <u>Judge</u>[*]

---

[*] The Honorable Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

(Filed: September 20, 2012)
_____

OPINION
_____


PER CURIAM

 Eugene Martin LaVergne, proceeding pro se,[1] appeals an order of the United
States District Court for the District of New Jersey denying his request to convene
a three-judge panel under 28 U.S.C. § 2284 and dismissing his complaint.  We
summarily affirm.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

I.

 LaVergne, a New Jersey citizen and registered voter, alleges in this suit that
the method of congressional apportionment under 2 U.S.C. § 2a is unconstitutional.
LaVergne asserts that the method violates (1) separation of powers, (2) the
nondelegation doctrine, (3) the principle of "one person, one vote," and (4)
"Article the First," an amendment to the United States Constitution proposed in
1789 that LaVergne asserts was ratified and is part of the Constitution.  LaVergne
sought a declaratory judgment and an injunction ordering the leaders of Congress
to enact an apportionment plan consistent with Article the First's ratio of one
member of Congress per 50,000 citizens and ordering the Vice-President of the

---

[1] Although LaVergne is pro se, he received his license to practice law in New Jersey in 1990.  His license

United States to count 15 electoral votes for New Jersey in the 2012 presidential election.  The relief LaVergne sought would expand the House of Representatives from the 435-member size that has been statutorily set since the 1910s to over 6,160 members.

On December 16, 2011, the District Court on its own denied LaVergne's application for a show-cause order and his request for a three-judge panel, and dismissed the case.  LaVergne timely appealed.  In this court, LaVergne moved for a preliminary injunction, an expedited appeal, and an expedited initial en banc review or panel review.  This court denied the motions.

## II.

We have jurisdiction under 28 U.S.C. § 1291.  Our review of the District Court's order dismissing the complaint is plenary.  Ill. Nat'l Ins. Co. v. Wyndham Worldwide Operations, Inc., 653 F.3d 225, 230 (3d Cir. 2011).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  We may summarily affirm if an appeal presents no substantial question.  3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

## III.

---

was temporarily suspended in January 2011 and indefinitely suspended by the New Jersey Supreme Court in July 2011.  *In re LaVergne*, 21 A.3d 1181 (N.J. 2011).

This appeal presents two threshold issues: standing and justiciability. The District Court concluded that LaVergne lacked standing because, among other reasons, he did not suffer the injury he complained about. The District Court concluded that, if there was an injury, it was only to certain government officials, such as the governor of New Jersey, who is responsible for implementing redistricting under § 2a; New Jersey members of the House of Representatives, who could lose their congressional seats as a result of redistricting; or certain presidential candidates, who would want New Jersey to have a larger number of electoral votes. (See A5). LaVergne disagrees with that conclusion, relying on Department of Commerce v. U.S. House of Representatives, 525 U.S. 316 (1999). In that case, the Supreme Court held that state voters' "expected loss of a Representative to the United States Congress" based on redistricting ordered under § 2a "undoubtedly satisfies the injury-in-fact requirement of Article III standing." Id. at 331. But in that case, statistical evidence showed that the plaintiffs' votes would be diluted through the loss of a congressional seat to another state. See id. at 331–34; see also Schaffer v. Clinton, 240 F.3d 878, 885 (10th Cir. 2001) (interpreting House of Representatives). Here, by contrast, the relief LaVergne seeks would result in every state, based on its population, gaining congressional seats under Article the First. The result would be an increase for each state in the same proportion as the present method produces. If there will be "dilution" to

4

LaVergne's vote when New Jersey is redistricted using the § 2a apportionment method, LaVergne's proposed solution would neither affect it nor change the size of New Jersey's congressional delegation relative to the size of other states' delegations.

In addition to this problem, LaVergne at most alleges "a type of institutional injury"—an allegedly unconstitutionally low number of representatives—"which necessarily damages" all United States voters "equally." Raines v. Byrd, 521 U.S. 811, 821 (1997); see also Lujan v. Defenders of Wildlife, 504 U.S. 555, 573–74 (1992) (explaining that the Supreme Court has "consistently held that a plaintiff . . . seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy"). He "has not alleged a sufficiently personal injury to establish standing[.]" Schaffer, 240 F.3d at 885 (citing Raines, 521 U.S. at 821). Cf. also Clemons v. U.S. Dep't of Commerce, 131 S. Ct. 821 (2010) (summarily ordering voters' constitutional challenge to § 2a dismissed for lack of jurisdiction).

LaVergne's claims also fail on other grounds, including lack of justiciability. LaVergne's constitutional challenge to § 2a is primarily based on his argument that the apportionment method violates Article the First. He alleges that this proposed constitutional amendment was ratified by the states in November 1791 or June 1792. Putting aside the considerable factual and historical problems with his

5

argument, "[t]he issue of whether a constitutional amendment has been properly ratified is a political question." United States v. McDonald, 919 F.2d 146, 1990 WL 186103 (table), at *3 (9th Cir. 1990) (per curiam) (citing Coleman v. Miller, 307 U.S. 433, 450 (1939)). In Coleman, the Supreme Court held that "the question of the efficacy of ratifications by state legislatures . . . should be regarded as a political question pertaining to the political departments, with the ultimate authority in the Congress in the exercise of its control over the promulgation of the adoption of the amendment." 307 U.S. at 450. See also Luther v. Borden, 48 U.S. (7 How.) 1, 39 (1849) (holding that "the political department has always determined whether the proposed constitution or amendment was ratified or not by the people of the State, and the judicial power has followed its decision"); United States v. Foster, 789 F.2d 457, 463 n.6 (7th Cir. 1986) (holding that the issue of "the validity of an amendment's ratification [is] a non-justiciable political question" and citing, among other cases, Leser v. Garnett, 258 U.S. 130, 137 (1922), and Coleman, 307 U.S. at 450).

LaVergne also argues that the § 2a apportionment method violates the nondelegation doctrine and separation of powers. To the extent that these arguments present justiciable questions,[2] they fail on the merits. As to the first

---

[2] See U.S. Dep't of Commerce v. Montana, 503 U.S. 442, 456–59 (1992) (rejecting the government's contention that a constitutional challenge to § 2a presented a nonjusticiable question because the challenge was to whether "specific congressional action"—the enactment of § 2a—violated constitutional principles); but cf. Clemons, 131 S. Ct. 821 (summarily ordering that voters' constitutional challenge to § 2a—which the three-judge district court had determined was justiciable—be dismissed for lack of

argument, the Supreme Court has recognized that "in our increasingly complex society, replete with ever changing and more technical problems, Congress simply cannot do its job absent an ability to delegate power under broad general directives." United States v. Amirnazmi, 645 F.3d 564, 575 (3d Cir. 2011) (quoting Mistretta v. United States, 488 U.S. 361, 372 (1989)). Congress may "endow a coordinate branch of government with a measure of discretion" if the delegation includes "'an intelligible principle to which the person or body authorized to [exercise the delegated authority] is directed to conform.'" Id. (quoting J.W. Hampton, Jr. & Co. v. United States, 276 U.S. 394, 409 (1928)). Section 2a clearly contains an intelligible principle to guide the exercise of delegated authority: "the method of equal proportions," which is automatic in character and which provides "procedural and substantive rules that are consistently applied year after year[.]" Montana, 503 U.S. at 465. LaVergne's nondelegation argument is meritless.

LaVergne's separation-of-powers argument similarly fails. The Supreme Court's "separation-of-powers jurisprudence generally focuses on the danger of one branch's aggrandizing its power at the expense of another branch." Freytag v. Comm'r, 501 U.S. 868, 878 (1991). Congress acted within its authority by delegating the ministerial tasks of implementing the method of equal proportions, for redistricting, to the Department of Commerce and its employees. Cf. also

---

jurisdiction).

<u>Montana</u>, 503 U.S. at 465 (holding, with regard to § 2a, that there is "no constitutional obstacle preventing Congress from adopting such a sensible procedure").

Finally, LaVergne's appeal of the District Court's order denying his request to convene a three-judge panel is limited to passing references to that issue.  (<u>See</u> Opening Br. at 5, 6 n.1, 9, 29–30).  Such cursory presentation waives the issue on appeal.  <u>See</u> <u>Skretvedt</u> <u>v.</u> <u>E.I.</u> <u>DuPont</u> <u>De</u> <u>Nemours</u>, 372 F.3d 193, 202–03 (3d Cir. 2004) ("We have held on numerous occasions that an issue is waived unless a party raises it in its opening brief, and for those purposes a passing reference to an issue will not suffice to bring that issue before this court." (internal quotation marks and alterations omitted)); <u>John</u> <u>Wyeth</u> <u>&</u> <u>Bro.</u> <u>Ltd.</u> <u>v.</u> <u>CIGNA</u> <u>Int'l</u> <u>Corp.</u>, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) (Alito, J.) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived.").  Moreover, LaVergne does not seek reversal on this basis, or remand, but rather states that this three-judge panel's review of his claims suffices.  (Opening Br. at 30).

IV.

This appeal does not raise a substantial question.  We summarily affirm the judgment of the District Court.

OFFICE OF THE CLERK

**MARCIA M. WALDRON**

**CLERK**

UNITED STATES COURT OF APPEALS

21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790
Website: www.ca3.uscourts.gov

TELEPHONE

215-597-2995



November 13, 2012

Mr. William T Walsh
United States District Court for the District of New Jersey
Clarkson S. Fisher Federal Building and United States Courthouse
402 East State Street
Trenton, NJ 08608

RE: Eugene LaVergne v. Secretary United States Depart, et al
Case Number: 12-1171
District Case Number: 3-11-cv-07117

Dear District Court Clerk,

Enclosed herewith is the certified judgment together with copy of the opinion in the above-
captioned case(s). The certified judgment is issued in lieu of a formal mandate and is to be
treated in all respects as a mandate.

Kindly acknowledge receipt for same on the enclosed copy of this letter.

Counsel are advised of the issuance of the mandate by copy of this letter. The certified judgment
is also enclosed showing costs taxed, if any.

Very truly yours,

*Marcia M. Waldron*

Marcia M. Waldron, Clerk

By: *Timothy McIntyre*

Timothy McIntyre, Case Manager
267-299-4953

cc: Kerry W. Kircher
Eugene M. LaVergne
Michael S. Raab
Todd B. Tatelman
Henry C. Whitaker