UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

EUGENE MARTIN LAVERGNE,
PLAINTIFF

Vs.

CIVIL NO. 11-7117(PGS)

JOHN BRYSON, et al,
DEFENDANTS

**MARCH 6, 2018**
CLARKSON S. FISHER COURTHOUSE
402 EAST STATE STREET
TRENTON, NEW JERSEY 08608

B E F O R E: THE HONORABLE PETER G. SHERIDAN
U.S. DISTRICT COURT JUDGE
DISTRICT OF NEW JERSEY

A P P E A R A N C E S:

EUGENE MARTIN LAVERGNE, PRO SE

WILLIAM FITZPATRICK, ACTING U.S. ATTORNEY
BY: DAVID V. BOBER, ESQUIRE
FOR THE DEFENDANTS

**HEARING ON PLAINTIFF'S MOTION TO VACATE PRIOR ORDER**

Certified as true and correct as required by Title 28, U.S.C. Section 753
/S/ Francis J. Gable
FRANCIS J. GABLE, C.C.R.
OFFICIAL U.S. REPORTER
(856) 889-4761

THE COURT: Next case is LaVergne versus Bryson. Good afternoon. Can we enter appearances, please? We'll start with the plaintiff.

MR. LaVERGNE: Good afternoon, your Honor, Eugene LaVergne pro se.

00:00

THE COURT: Good afternoon, Mr. LaVergne.

MR. LaVERGNE: Good to see you, sir. Long time no see.

MR. BOBER: Good afternoon, your Honor, David Bober from the U.S. Attorney's Office for the defendant.

00:00

THE COURT: Good afternoon, Mr. Bober.

MR. BOBER: Good afternoon.

THE COURT: So, Mr. LaVergne, it's your motion to vacate my prior order?

00:00

MR. LaVERGNE: Well, I don't know if it's as much a motion to vacate as much as a motion to clarify and/or declare null. As background, as your Honor's aware in 2011 there was a lawsuit that was filed. On December 16th notwithstanding the fact that the Court found that it was a challenge to the apportionment of the House of Representatives, the Court didn't convene a three-judge court under the statute, and rather gave an opinion that isn't really a model of clarity as to exactly on what basis you're proceeding but nevertheless you dismissed it. Thereafter there were appeals.

00:01

00:01

Recently last April a new case was filed in Federal

District Court for the District of Columbia; different claims, Administrative Procedure Act, limited strictly to the article of first issue. As expected the various defendants raised as a defense arguing collateral estoppel as to what you did in New Jersey in 2011. Of course my response to that -- my response to that is from what I can glean under the law and what authority the Court had to act as a single judge district court, all you could do is find that it was under the established precedent of Gooser/Osby (sic), that it was either wholly insubstantially or frivolous; whether or not you're wrong because obviously the District of Columbia disagrees with you on that issue.

But I don't care, I'm not seeking for you to change your mind years later. I'm just seeking clarification so that in this separate second case the court knows exactly what you did. Because again it's my contention that with regard to the authority that you have -- of course federal courts are courts of limited jurisdiction, your jurisdiction is defined by Article III and what Congress says you can do. This case by your own admission in your decision fell within the purview of the Three Judge Court Act facially as to least what I was alleging.

Now, since that time in the *Shapiro* case the Supreme Court has clarified the statute -- and mind you when I say clarified, because at the time I cited in my brief the

majority opinion that by the way was adopted by the DC Circuit Court of Appeals; and you seem to be following the minority opinion that was thereafter expressly rejected by the Supreme Court in *Shapiro*.

That being the case, the point being as a single-judge district court in a case that falls within the jurisdiction of a three-judge court -- the three-judge court statute, the only authority you have to act as a single judge district court is to dismiss for lack of subject-matter jurisdiction. And actually it's less than that, because there's other circumstances where there's lack of subject-matter jurisdiction; say in a diversity case the people live in the same state, prima facie you don't meet the jurisdictional requirements.

In this case the only authority a single judge has to act is if after reviewing the pleadings, the court finds that they're wholly insubstantial and totally frivolous. Anything after that, whether you want to talk about jurisdictional arguments with abstention doctrines or other types of jurisdictional arguments would require a three-judge court.

So the threshold as defined by the Supreme Court, albeit three years after your decision or four years after your decision, is a hurdle that is basically almost as thick as a piece of paper. It's almost -- as long as you pass the

snicker test, you have an argument that arguably states a federal cause of action, then only three judges can decide the substance. So if it is a procedural dismissal for lack of subject-matter jurisdiction that involves making a substantive decision beyond the facial validity of the complaint, you can't do that, only three judges can do it. It's not me that says, it's Congress that says it --

THE COURT: I thought I said that --

MR. LaVERGNE: -- and only Supreme Court can confirm that.

THE COURT: I know you were saying my decision was unclear, but it was affirmed if I remember it right. And, you know, I dismissed it based on your lack of standing.

MR. LaVERGNE: That's okay, you can clarify that now because you didn't say that then that's my whole point.

THE COURT: Oh.

MR. LaVERGNE: Because the point is if you dismissed it for lack of standing I'm okay with that, I disagree that that was a correct decision but I'm not challenging that. Because the point is a dismissal for lack of jurisdiction based upon lack of standing has no preclusive effect in the case in Washington. So if that's why you dismissed it then just clarify that and say so and we're done.

THE COURT: All right. Mr. Bober?

MR. BOBER: Thank you, your Honor. I'm not quite

sure where to begin --

THE COURT: Why do I have to do anything? There's a Third Circuit opinion, it is what it is, it's the law of the case.

00:05 MR. BOBER: I think that's exactly correct, you don't have to do anything. Mr. LaVergne appealed your Honor's prior decision, the Third Circuit reviewed it and affirmed it. In fact if you read the Third Circuit's decision it found that Mr. LaVergne failed to preserve the issue of whether a 00:06 three-judge panel needed to be convened, he failed to preserve that on appeal.

But the Third Circuit was very clear that your Honor correctly found that he lacked standing, correctly found that this was a nonjusticiable political question; and this issue 00:06 about whether or not he stated a substantial claim, the Third Circuit in fact found that he did not state a substantial claim. I'm quoting from the Third Circuit's opinion: "This appeal does not raise a substantial question. So I don't think your Honor's required to do anything. Whatever --

00:06 THE COURT: Mr. LaVergne's not presenting any new facts; right? It's the same complaint we had five years ago.

MR. BOBER: He lost the case before your Honor and he's making the same -- I note his use of the passive voice where he says a new case was brought in DC; of course he fails 00:07 to mention that he brought the exact same case, and he's

seeking to get out from under your Honor's decision. Whatever effect your Honor's decision has on a DC case is an issue for -- that's before the court in Washington and it's for them to decide, but your Honor's not required to do anything. The decision was affirmed by the Third Circuit, nothing's changed and that's our position.

THE COURT: Thank you.

MR. LaVERGNE: Just to address briefly the issue of the Third Circuit and to put it into context. With regard to the appeal to the Third Circuit, they said that I waived that issue; that's a lie. What occurred in the Third Circuit --

THE COURT: Well, go tell them that.

MR. LaVERGNE: But I'm before you asking you to address what you did, not before them asking them to address what they did. Because as I point out in my papers -- not to you but to the District Court in Washington; the only issue that they had jurisdiction -- that's the odd quirk about these three judge district court cases; if it falls within the ambit of a three-judge district court, the only question that the Third Circuit or any other Third Circuit Court of Appeals has on appeal is the threshold issue of whether or not three judges should have been convened.

They didn't even have the authority to affirm you on the subject-matter jurisdiction if it was a substantive decision. And again today's the first time I've heard any

proof from anyone your decision was based upon standing, because your opinion says standing is questionable; that's far from an equivocal statement to leave the parties to understand what you're deciding.

10:08 And having that said and having you clarify it on the record today, my point is under Rule 60 as I point out, you don't have single judge authority to do that. Because you're telling me -- the portion of your decision dealing with standing was a substantive decision, it wasn't a clearly 10:08 frivolous type of a finding. You didn't use the buzz words that are necessary, because not all jurisdictional dismissals are permitted in a single court -- a district court judge in a three-judge case. The law is clear on that.

You can rule however you want I'll have my remedy, 10:09 but to lay it off on the Third Circuit -- let's put it in context. I filed my case, I wasn't allowed to walk in the courtroom, I wasn't allowed here, to amend my pleading, you just did it. I went to the Third Circuit where oral argument is presumed. In a per curiam opinion --

10:09 THE COURT: Well, you came in on an order to show cause looking for some type of immediate relief if I recall that correctly.

MR. LaVERGNE: Well no, I filed a complaint I also filed an order to show cause; denying an order to show cause 10:09 does not necessitate dismissing the complaint. You did that

all on your own. You know, that's -- and you did that --

THE COURT: It was pretty obvious to me.

MR. LaVERGNE: It was pretty obvious to you; well the -- with all due respect again, let's put this in context. If it was so obvious the District Court of Columbia has convened a three-judge court on the same exact same allegations. So reasonable minds can disagree. My only issue is I don't want your bad decision here to have preclusive effect in that case down in Washington.

THE COURT: I think the people in Washington will be more concerned about what the Third Circuit said as opposed to what I said.

MR. LaVERGNE: No, you're missing the point. The Third Circuit -- you're missing the point with all due respect, Judge. In a Third Circuit -- in a three-judge court case, the only appellate jurisdiction isn't to decide standing, it's to decide whether a three-judge court should have been convened. That's it, the law is clear on that as well.

THE COURT: All right.

MR. LaVERGNE: The law is clear on that. So whatever they did is a nullity, it doesn't matter. The fact that they're above you doesn't sanitize what you did. I'm asking you to clarify what you did. You said on the record today it was for standing, so what would the harm be in

clarifying that decision since you would have to admit at the very least your opinion does not make that clear.

THE COURT: Well, I don't know; I thought it made it clear.

)0:11 Mr. Bober, do you wish to respond to that?

MR. BOBER: I have nothing else to add unless your Honor has specific questions for me.

THE COURT: So what do I have to do here, Mr. Bober, just enter an order if I adopt the Third Circuit opinion?

)0:11 MR. BOBER: I don't even think you have to do that much. Mr. LaVergne has filed -- he's calling it something different now but on the docket he called it a motion to vacate under Rule 60. I think your Honor can deny the motion, because he hasn't -- he hasn't established that your Honor's

)0:11 -- I guess 60(b)(4) is that he would have to establish that your Honor's prior decision was void, and for the reasons that we discussed he has not done so.

Your Honor clearly had jurisdiction -- your Honor was clearly permitted to find that a three-judge panel was not

)0:11 -- that it was not necessary to convene a three-judge panel.

MR. LaVERGNE: Well, I think I'm entitled to a written opinion with analysis, because quite frankly you're not entitled to find that as a single judge. That's the whole point of my motion that's been briefed. So if you think that

)0:12 there's a way to get around that, tell us; tell me, tell the

other litigants in Washington -- you know, you don't get to punt -- you don't get to make a bad decision and then just punt, say well the Third Circuit said it was okay, in the context of what was done with your decision, which by the way talks about standing where they say it's not precedential, where there's a Supreme Court opinion that says anyone has standing to challenge the apportionment of the House of Representatives.

So that's -- and I'm quite sure that's why in your equivocal memorandum you didn't say well, others might have better standing; you couldn't say I didn't have standing because the Supreme Court disagrees with you and you're bound to follow that. So, I'm entitled to an explanation and a reasoning as to what you do today.

THE COURT: All right. Thank you for coming in, but actually I didn't think my judgment last time was so ambiguous that no one understood it. And I do believe I was entering a judgment because I thought you lacked standing to present a case on the reapportionment; and I do think that the Third Circuit took a look at it and they felt that my decision was fine, so they affirmed it. So I'm not exactly sure what you're missing in that, Mr. LaVergne, but I will issue an order on it. So give me about a week.

MR. LaVERGNE: Okay. Is the order going to confirm that you dismissed the case in 2011 for lack of standing?

THE COURT: I don't know exactly what the order's going to state, but it's going to go through the motion and I'll decide it.

MR. LaVERGNE: Just so I understand what is -- the Court's going to issue an order, or memorandum opinion and an order, what's -- the you said a week.

THE COURT: Whatever I decide to do over the next week is what you'll receive, so I haven't decided it yet. But I've listened to the argument, and all I did was indicate to you that I've reviewed the papers, I thought my original decision was fine, it was affirmed by the Third Circuit; you're here asking me with no new facts or anything else to change what I've done five years ago. It doesn't seem to make a whole lot --

MR. LaVERGNE: I'm not arguing new facts I'm arguing you're wrong on the law --

THE COURT: Mr. LaVergne, you heard my comments, I was trying to explain it to you, so we're down into the area of we'd just have more argument about what we're doing. But I will issue an order with some reasoning.

MR. LaVERGNE: I have the transcript as well.

THE COURT: Thank you for coming.

(Counsel say thank you.)

## /

**/S** [1] - 1:24

## 0

**08608** [1] - 1:10

## 1

**11-7117(PGS** [1] - 1:5
**16th** [1] - 2:18

## 2

**2011** [3] - 2:17, 3:5, 11:25
**2018** [1] - 1:8
**28** [1] - 1:23

## 4

**402** [1] - 1:9

## 6

**6** [1] - 1:8
**60** [2] - 8:6, 10:13
**60(b)(4** [1] - 10:15

## 7

**753** [1] - 1:23

## 8

**856** [1] - 1:25
**889-4761** [1] - 1:25

## A

**abstention** [1] - 4:19
**Act** [2] - 3:2, 3:21
**act** [3] - 3:7, 4:8, 4:16
**ACTING** [1] - 1:17
**action** [1] - 5:2
**add** [1] - 10:6
**address** [3] - 7:8, 7:14
**Administrative** [1] - 3:2
**admission** [1] - 3:20
**admit** [1] - 10:1
**adopt** [1] - 10:9
**adopted** [1] - 4:1
**affirm** [1] - 7:23
**affirmed** [5] - 5:12, 6:7, 7:5, 11:21, 12:11
**afternoon** [6] - 2:2, 2:4, 2:6, 2:9, 2:11, 2:12
**ago** [2] - 6:21, 12:13
**al** [1] - 1:6
**albeit** [1] - 4:23
**allegations** [1] - 9:7
**alleging** [1] - 3:22
**allowed** [2] - 8:16, 8:17
**almost** [2] - 4:24, 4:25
**ambiguous** [1] - 11:16
**ambit** [1] - 7:18
**amend** [1] - 8:17
**analysis** [1] - 10:22
**appeal** [4] - 6:11, 6:18, 7:10, 7:21
**appealed** [1] - 6:6
**Appeals** [2] - 4:2, 7:20
**appeals** [1] - 2:24
**appearances** [1] - 2:2
**appellate** [1] - 9:16
**apportionment** [2] - 2:20, 11:7
**April** [1] - 2:25
**area** [1] - 12:18
**arguably** [1] - 5:1
**arguing** [3] - 3:4, 12:15
**argument** [4] - 5:1, 8:18, 12:9, 12:19
**arguments** [2] - 4:19, 4:20
**article** [1] - 3:2
**Article** [1] - 3:19
**ATTORNEY** [1] - 1:17
**Attorney's** [1] - 2:10
**authority** [6] - 3:7, 3:17, 4:8, 4:15, 7:23, 8:7
**aware** [1] - 2:17

## B

**background** [1] - 2:17
**bad** [2] - 9:8, 11:2
**based** [3] - 5:13, 5:21, 8:1
**basis** [1] - 2:23
**begin** [1] - 6:1
**better** [1] - 11:11
**beyond** [1] - 5:5
**BOBER** [8] - 1:17, 2:9, 2:12, 5:25, 6:5, 6:22, 10:6, 10:10
**Bober** [5] - 2:9, 2:11, 5:24, 10:5, 10:8
**bound** [1] - 11:12
**brief** [1] - 3:25
**briefed** [1] - 10:24
**briefly** [1] - 7:8
**brought** [2] - 6:24, 6:25
**Bryson** [1] - 2:1
**BRYSON** [1] - 1:6
**buzz** [1] - 8:10
**BY** [1] - 1:17

## C

**C.C.R** [1] - 1:24
**care** [1] - 3:13
**case** [21] - 2:1, 2:25, 3:15, 3:19, 3:23, 4:5, 4:6, 4:12, 4:15, 5:22, 6:4, 6:22, 6:24, 6:25, 7:2, 8:13, 8:16, 9:9, 9:16, 11:19, 11:25
**cases** [1] - 7:18
**Certified** [1] - 1:23
**challenge** [2] - 2:19, 11:7
**challenging** [1] - 5:19
**change** [2] - 3:13, 12:13
**changed** [1] - 7:5
**Circuit** [20] - 4:1, 6:3, 6:7, 6:12, 6:16, 7:5, 7:9, 7:10, 7:11, 7:20, 8:15, 8:18, 9:11, 9:14, 9:15, 10:9, 11:3, 11:20, 12:11
**Circuit's** [2] - 6:8, 6:17
**circumstances** [1] - 4:11
**cited** [1] - 3:25
**CIVIL** [1] - 1:5
**claim** [2] - 6:15, 6:17
**claims** [1] - 3:1
**clarification** [1] - 3:14
**clarified** [2] - 3:24, 3:25
**clarify** [5] - 2:16, 5:14, 5:23, 8:5, 9:24
**clarifying** [1] - 10:1
**clarity** [1] - 2:22
**CLARKSON** [1] - 1:9
**clear** [6] - 6:12, 8:13, 9:18, 9:21, 10:2, 10:4
**clearly** [3] - 8:9, 10:18, 10:19
**collateral** [1] - 3:4
**Columbia** [3] - 3:1, 3:11, 9:5
**coming** [2] - 11:15, 12:22
**comments** [1] - 12:17
**complaint** [4] - 5:5, 6:21, 8:23, 8:25
**concerned** [1] - 9:11
**confirm** [2] - 5:9, 11:24
**Congress** [2] - 3:19, 5:7
**contention** [1] - 3:16
**context** [4] - 7:9, 8:16, 9:5, 11:4
**convene** [2] - 2:21, 10:20
**convened** [4] - 6:10, 7:22, 9:6, 9:18
**correct** [3] - 1:23, 5:19, 6:5
**correctly** [3] - 6:13, 8:22
**Counsel** [1] - 12:23
**course** [3] - 3:5, 3:17, 6:24
**Court** [15] - 2:19, 2:20, 3:1, 3:7, 3:21, 3:24, 4:2, 4:4, 4:22, 5:9, 7:16, 7:20, 9:5, 11:6, 11:12
**COURT** [25] - 1:1, 1:13, 2:1, 2:6, 2:11, 2:13, 5:8, 5:11, 5:16, 5:24, 6:2, 6:20, 7:7, 7:12, 8:20, 9:2, 9:10, 9:20, 10:3, 10:8, 11:15, 12:1, 12:7, 12:17, 12:22
**court** [17] - 2:21, 3:8, 3:15, 4:6, 4:7, 4:9, 4:16, 4:21, 7:3, 7:18, 7:19, 8:12, 9:6, 9:15, 9:17
**Court's** [1] - 12:5
**COURTHOUSE** [1] - 1:9
**courtroom** [1] - 8:17
**courts** [2] - 3:17
**curiam** [1] - 8:19

## D

**DAVID** [1] - 1:17
**David** [1] - 2:9
**DC** [3] - 4:1, 6:24, 7:2
**dealing** [1] - 8:8
**December** [1] - 2:18
**decide** [6] - 5:2, 7:4, 9:16, 9:17, 12:3, 12:7
**decided** [1] - 12:8
**deciding** [1] - 8:4
**decision** [22] - 3:20, 4:23, 4:24, 5:5, 5:11, 5:19, 6:7, 6:8, 7:1, 7:2, 7:5, 7:25, 8:1, 8:8, 8:9, 9:8, 10:1, 10:16, 11:2, 11:4, 11:20, 12:11
**declare** [1] - 2:16
**defendant** [1] - 2:10
**defendants** [1] - 3:3
**DEFENDANTS** [2] - 1:6, 1:18
**defense** [1] - 3:4
**defined** [2] - 3:18, 4:22
**deny** [1] - 10:13
**denying** [1] - 8:24
**different** [2] - 3:1, 10:12
**disagree** [2] - 5:18, 9:7
**disagrees** [2] - 3:11, 11:12
**discussed** [1] - 10:17
**dismiss** [1] - 4:9
**dismissal** [2] - 5:3, 5:20
**dismissals** [1] - 8:11
**dismissed** [5] - 2:24, 5:13, 5:17, 5:22, 11:25
**dismissing** [1] - 8:25
**District** [5] - 3:1, 3:11, 7:16, 9:5
**DISTRICT** [4] - 1:1, 1:1, 1:13, 1:13
**district** [6] - 3:7, 4:6, 4:9, 7:18, 7:19, 8:12
**diversity** [1] - 4:12
**docket** [1] - 10:12
**doctrines** [1] - 4:19
**done** [4] - 5:23, 10:17, 11:4, 12:13
**down** [2] - 9:9, 12:18
**due** [2] - 9:4, 9:14

## E

**EAST** [1] - 1:9
**effect** [3] - 5:21, 7:2, 9:9
**either** [1] - 3:9
**enter** [2] - 2:2, 10:9
**entering** [1] - 11:17
**entitled** [3] - 10:21, 10:23, 11:13

**equivocal** [2] - 8:3, 11:10
**ESQUIRE** [1] - 1:17
**establish** [1] - 10:15
**established** [2] - 3:9, 10:14
**estoppel** [1] - 3:4
**et** [1] - 1:6
**Eugene** [1] - 2:4
**EUGENE** [2] - 1:3, 1:16
**exact** [2] - 6:25, 9:6
**exactly** [5] - 2:23, 3:15, 6:5, 11:21, 12:1
**expected** [1] - 3:3
**explain** [1] - 12:18
**explanation** [1] - 11:13
**expressly** [1] - 4:3

## F

**facial** [1] - 5:5
**facially** [1] - 3:21
**facie** [1] - 4:13
**fact** [4] - 2:19, 6:8, 6:16, 9:22
**facts** [3] - 6:21, 12:12, 12:15
**failed** [2] - 6:9, 6:10
**fails** [1] - 6:24
**falls** [2] - 4:6, 7:18
**far** [1] - 8:2
**Federal** [1] - 2:25
**federal** [2] - 3:17, 5:2
**fell** [1] - 3:20
**felt** [1] - 11:20
**filed** [6] - 2:18, 2:25, 8:16, 8:23, 8:24, 10:11
**fine** [2] - 11:21, 12:11
**first** [2] - 3:3, 7:25
**FISHER** [1] - 1:9
**FITZPATRICK** [1] - 1:17
**five** [2] - 6:21, 12:13
**follow** [1] - 11:13
**following** [1] - 4:2
**FOR** [1] - 1:18
**four** [1] - 4:23
**Francis** [1] - 1:24
**FRANCIS** [1] - 1:24
**frankly** [1] - 10:22
**frivolous** [3] - 3:10, 4:17, 8:10

## G

**Gable** [1] - 1:24
**GABLE** [1] - 1:24
**glean** [1] - 3:6
**Gooser/Osby** [1] - 3:9
**guess** [1] - 10:15

## H

**harm** [1] - 9:25
**heard** [2] - 7:25, 12:17
**HEARING** [1] - 1:20
**Honor** [9] - 2:4, 2:9, 5:25, 6:12, 6:22, 10:7, 10:13, 10:18
**Honor's** [8] - 2:17, 6:6, 6:19, 7:1, 7:2, 7:4, 10:14, 10:16
**HONORABLE** [1] - 1:12
**House** [2] - 2:20, 11:7
**hurdle** [1] - 4:24

## I

**III** [1] - 3:19
**immediate** [1] - 8:21
**indicate** [1] - 12:9
**insubstantial** [1] - 4:17
**insubstantially** [1] - 3:10
**involves** [1] - 5:4
**issue** [13] - 3:3, 3:12, 6:9, 6:14, 7:2, 7:8, 7:11, 7:16, 7:21, 9:7, 11:22, 12:5, 12:20

## J

**JERSEY** [3] - 1:1, 1:10, 1:13
**Jersey** [1] - 3:5
**JOHN** [1] - 1:6
**Judge** [2] - 3:21, 9:15
**JUDGE** [1] - 1:13
**judge** [20] - 2:21, 3:7, 4:6, 4:7, 4:8, 4:15, 4:20, 6:10, 7:18, 7:19, 8:7, 8:12, 8:13, 9:6, 9:15, 9:17, 10:19, 10:20, 10:23
**judges** [3] - 5:2, 5:6, 7:22
**judgment** [2] - 11:16, 11:18
**jurisdiction** [11] - 3:18, 4:7, 4:10, 4:12, 5:4, 5:20, 7:17, 7:24, 9:16, 10:18
**jurisdictional** [4] - 4:14, 4:19, 4:20, 8:11

## K

**knows** [1] - 3:15

## L

**lack** [8] - 4:9, 4:11, 5:3, 5:13, 5:18, 5:20, 5:21, 11:25
**lacked** [2] - 6:13, 11:18
**last** [2] - 2:25, 11:16
**LaVergne** [26] - 2:1, 2:4, 2:5, 2:6, 2:7, 2:13, 2:15, 5:9, 5:14, 5:17, 6:6, 6:9, 7:8, 7:13, 8:23, 9:3, 9:13, 9:21, 10:11, 10:21, 11:22, 11:24, 12:4, 12:15, 12:17, 12:21
**LAVERGNE** [2] - 1:3, 1:16
**LaVergne's** [1] - 6:20
**law** [6] - 3:6, 6:3, 8:13, 9:18, 9:21, 12:16
**lawsuit** [1] - 2:18
**lay** [1] - 8:15
**least** [2] - 3:21, 10:2
**leave** [1] - 8:3
**less** [1] - 4:10
**lie** [1] - 7:11
**limited** [2] - 3:2, 3:18
**listened** [1] - 12:9
**litigants** [1] - 11:1
**live** [1] - 4:13
**look** [1] - 11:20
**looking** [1] - 8:21
**lost** [1] - 6:22

## M

**majority** [1] - 4:1
**MARCH** [1] - 1:8
**MARTIN** [2] - 1:3, 1:16
**matter** [5] - 4:9, 4:12, 5:4, 7:24, 9:22
**meet** [1] - 4:13
**memorandum** [2] - 11:10, 12:5
**mention** [1] - 6:25
**might** [1] - 11:10
**mind** [2] - 3:14, 3:24
**minds** [1] - 9:7
**minority** [1] - 4:2
**missing** [3] - 9:13, 9:14, 11:22
**model** [1] - 2:22
**MOTION** [1] - 1:20
**motion** [7] - 2:13, 2:16, 10:12, 10:13, 10:24, 12:2

## N

**necessary** [2] - 8:11, 10:20
**necessitate** [1] - 8:25
**needed** [1] - 6:10
**nevertheless** [1] - 2:23
**NEW** [3] - 1:1, 1:10, 1:13
**new** [5] - 2:25, 6:20, 6:24, 12:12, 12:15
**New** [1] - 3:5
**next** [1] - 12:7
**Next** [1] - 2:1
**NO** [1] - 1:5
**nonjusticiable** [1] - 6:14
**note** [1] - 6:23
**nothing** [1] - 10:6
**nothing's** [1] - 7:5
**notwithstanding** [1] - 2:18
**null** [1] - 2:17
**nullity** [1] - 9:22

## O

**obvious** [3] - 9:2, 9:3, 9:5
**obviously** [1] - 3:11
**occurred** [1] - 7:11
**odd** [1] - 7:17
**OF** [2] - 1:1, 1:13
**Office** [1] - 2:10
**OFFICIAL** [1] - 1:25
**ON** [1] - 1:20
**one** [1] - 11:17
**opinion** [12] - 2:22, 4:1, 4:3, 6:3, 6:17, 8:2, 8:19, 10:2, 10:9, 10:22, 11:6, 12:5
**opposed** [1] - 9:11
**oral** [1] - 8:18
**ORDER** [1] - 1:20
**order** [10] - 2:14, 8:20, 8:24, 10:9, 11:23, 11:24, 12:5, 12:6, 12:20
**order's** [1] - 12:1
**original** [1] - 12:10
**own** [2] - 3:20, 9:1

## P

**panel** [3] - 6:10, 10:19, 10:20
**paper** [1] - 4:25
**papers** [2] - 7:15, 12:10
**parties** [1] - 8:3
**pass** [1] - 4:25
**passive** [1] - 6:23
**people** [2] - 4:13, 9:10
**per** [1] - 8:19
**permitted** [2] - 8:12, 10:19
**PETER** [1] - 1:12
**piece** [1] - 4:25
**plaintiff** [1] - 2:3
**PLAINTIFF** [1] - 1:4
**PLAINTIFF'S** [1] - 1:20
**pleading** [1] - 8:17
**pleadings** [1] - 4:16
**point** [10] - 4:5, 5:15, 5:17, 5:20, 7:15, 8:6, 9:13, 9:14, 10:24
**political** [1] - 6:14
**portion** [1] - 8:8
**position** [1] - 7:6
**precedent** [1] - 3:9
**precedential** [1] - 11:5
**preclusive** [2] - 5:21, 9:8
**present** [1] - 11:18
**presenting** [1] - 6:20
**preserve** [2] - 6:9, 6:10
**presumed** [1] - 8:19
**pretty** [2] - 9:2, 9:3
**prima** [1] - 4:13
**PRIOR** [1] - 1:20
**pro** [1] - 2:5
**PRO** [1] - 1:16
**procedural** [1] - 5:3
**Procedure** [1] - 3:2
**proceeding** [1] - 2:23
**proof** [1] - 8:1
**punt** [2] - 11:2, 11:3
**purview** [1] - 3:20
**put** [3] - 7:9, 8:15, 9:4

Q

**questionable** [1] - 8:2
**questions** [1] - 10:7
**quirk** [1] - 7:17
**quite** [3] - 5:25, 10:22, 11:9
**quoting** [1] - 6:17

R

**raise** [1] - 6:18
**raised** [1] - 3:3
**rather** [1] - 2:22
**read** [1] - 6:8
**really** [1] - 2:22
**reapportionment** [1] - 11:19
**reasonable** [1] - 9:7
**reasoning** [2] - 11:14, 12:20
**reasons** [1] - 10:16
**receive** [1] - 12:8
**Recently** [1] - 2:25
**record** [2] - 8:6, 9:24
**regard** [2] - 3:16, 7:9
**rejected** [1] - 4:3
**relief** [1] - 8:21
**remedy** [1] - 8:14
**remember** [1] - 5:12
**REPORTER** [1] - 1:25
**Representatives** [2] - 2:20, 11:8
**require** [1] - 4:20
**required** [3] - 1:23, 6:19, 7:4
**requirements** [1] - 4:14
**respect** [2] - 9:4, 9:15
**respond** [1] - 10:5
**response** [2] - 3:5, 3:6
**reviewed** [2] - 6:7, 12:10
**reviewing** [1] - 4:16
**Rule** [2] - 8:6, 10:13
**rule** [1] - 8:14

S

**sanitize** [1] - 9:23
**se** [1] - 2:5
**SE** [1] - 1:16
**second** [1] - 3:15
**Section** [1] - 1:23
**see** [2] - 2:7, 2:8
**seeking** [3] - 3:13, 3:14, 7:1
**seem** [2] - 4:2, 12:13
**separate** [1] - 3:15
**Shapiro** [2] - 3:23, 4:4
**SHERIDAN** [1] - 1:12
**show** [3] - 8:20, 8:24
**sic** [1] - 3:9
**single** [7] - 3:7, 4:6, 4:8, 4:15, 8:7, 8:12, 10:23
**single-judge** [1] - 4:6
**snicker** [1] - 5:1
**specific** [1] - 10:7
**standing** [15] - 5:13, 5:18, 5:21, 6:13, 8:1, 8:2, 8:9, 9:17, 9:25, 11:5, 11:7, 11:11, 11:18, 11:25
**start** [1] - 2:3
**STATE** [1] - 1:9
**state** [3] - 4:13, 6:16, 12:2
**statement** [1] - 8:3
**states** [1] - 5:1
**STATES** [1] - 1:1
**statute** [3] - 2:21, 3:24, 4:8
**STREET** [1] - 1:9
**strictly** [1] - 3:2
**subject** [4] - 4:9, 4:12, 5:4, 7:24
**subject-matter** [4] - 4:9, 4:12, 5:4, 7:24
**substance** [1] - 5:3
**substantial** [3] - 6:15, 6:16, 6:18
**substantive** [3] - 5:4, 7:24, 8:9
**Supreme** [6] - 3:23, 4:3, 4:22, 5:9, 11:6, 11:12

T

**talks** [1] - 11:5
**test** [1] - 5:1
**Thereafter** [1] - 2:24
**thereafter** [1] - 4:3
**thick** [1] - 4:24
**Third** [21] - 6:3, 6:7, 6:8, 6:12, 6:15, 6:17, 7:5, 7:9, 7:10, 7:11, 7:20, 8:15, 8:18, 9:11, 9:14, 9:15, 10:9, 11:3, 11:19, 12:11
**three** [17] - 2:21, 4:7, 4:20, 4:23, 5:2, 5:6, 6:10, 7:18, 7:19, 7:21, 8:13, 9:6, 9:15, 9:17, 10:19, 10:20
**Three** [1] - 3:21
**three-judge** [12] - 2:21, 4:7, 4:20, 6:10, 7:19, 8:13, 9:6, 9:15, 9:17, 10:19, 10:20
**threshold** [2] - 4:22, 7:21
**Title** [1] - 1:23
**TO** [1] - 1:20
**today** [3] - 8:6, 9:25, 11:14
**today's** [1] - 7:25
**took** [1] - 11:20
**totally** [1] - 4:17
**transcript** [1] - 12:21
**TRENTON** [1] - 1:10
**true** [1] - 1:23
**trying** [1] - 12:18
**type** [2] - 8:10, 8:21
**types** [1] - 4:20

U

**U.S** [4] - 1:13, 1:17, 1:25, 2:10
**U.S.C** [1] - 1:23
**unclear** [1] - 5:12
**under** [6] - 2:21, 3:6, 3:8, 7:1, 8:6, 10:13
**understood** [1] - 11:17
**UNITED** [1] - 1:1
**unless** [1] - 10:6

V

**vacate** [3] - 2:14, 2:16, 10:13
**VACATE** [1] - 1:20
**validity** [1] - 5:5
**various** [1] - 3:3
**versus** [1] - 2:1
**voice** [1] - 6:23
**void** [1] - 10:16
**Vs** [1] - 1:5

W

**waived** [1] - 7:10
**walk** [1] - 8:16
**Washington** [6] - 5:22, 7:3, 7:16, 9:9, 9:10, 11:1
**week** [3] - 11:23, 12:6, 12:8
**whole** [3] - 5:15, 10:23, 12:14
**wholly** [2] - 3:10, 4:17
**WILLIAM** [1] - 1:17
**wish** [1] - 10:5
**words** [1] - 8:10
**written** [1] - 10:22

Y

**years** [5] - 3:14, 4:23, 6:21, 12:13